**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1088-23

PORTFOLIO RECOVERY
ASSOCIATES, LLC, as assignee
of HSBC BANK NEVADA N.A./
CAPITAL ONE BANK (U.S.) N.A.,

     Plaintiff-Respondent,

v.

TERRY A. CHARTONAVICH,

     Defendant-Appellant.

_____

Argued October 1, 2024 – Decided October 21, 2024

Before Judges Gooden Brown, Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5641-23.

Mark Jensen argued the cause for appellant (Kim Law Firm, LLC, attorneys; Mark Jensen, on the briefs).

Thomas M. Murtha argued the cause for respondent.

PER CURIAM

Defendant appeals the trial court's order denial of his motion to vacate default judgment pursuant to Rule 4:50-1. Because defendant failed to show that he filed his motion to vacate within a reasonable time after judgment was entered against him, we affirm.

I.

Defendant Terry Chartonavich incurred delinquent credit-account debt with HSBC Bank in the amount of $7,663.52. HSBC assigned the debt to plaintiff Portfolio Recovery Associates, LLC, who in turn filed a complaint against defendant to collect it. Defendant failed to file an answer, and on plaintiff's motion, the court entered default judgment for $7,913.79 against defendant on September 13, 2017.

Nearly six years later, on June 7, 2023, defendant moved to vacate the default judgment. A Special Civil Part (SCP) judge denied the motion. Defendant filed a second motion to vacate the judgment, and this time the SCP judge granted the motion unopposed. Plaintiff then moved for reconsideration, contending that it received no notice of the second motion. While reconsideration was pending, defendant moved to transfer the matter to the Law Division, which granted plaintiff's reconsideration motion and simultaneously reinstated the default judgment in an order dated September 8.

A-1088-23

Defendant immediately filed a third motion to vacate the newly reinstated default judgment under Rule 4:50-1(d), (e), and (f).  Defendant's core argument was that the judgment was void ab initio, because plaintiff did not possess a consumer lender license under the New Jersey Consumer Finance Licensing Act (CFLA) at the time judgment was entered.[1]  The court denied the motion, concluding as a matter of law that defendant could not assert plaintiff's failure to obtain a CFLA license as a defense to the collection action.  Distinguishing this case from LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103 (App. Div. 2020), where we affirmed a trial court's order vacating default judgment because the plaintiff had violated federal law,[2] the trial court stated:

> The compelling factor in that case was the [LVNV] court's conclusion the debt was void due to violations of the FDCPA, and the finding that the policy interest of curbing abusive collections practices outweighed the policy interest of protecting finality of judgments. Here, defendant does not have the benefit of that countervailing policy interest.  The court rejects defendant's argument that the underlying debt is void. The NJCFLA does not confer a private statutory cause of action.
>
> . . . .

---

[1] N.J.S.A. 17:11C-1, -89.  The record shows Plaintiff did not obtain its consumer lender license until February 8, 2018, well after its the entry of default judgment against defendant.

[2]  The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§1692-1692p.

A-1088-23

Defendant cannot secure a judicial determination that the debt is void, because defendant cannot circumvent the lack of a private cause of action under the NJCFLA by seeking relief under . . . the New Jersey Uniform Declaratory Judgments Law, N.J.S.A. 2A:16-50, -62.

. . . .

Because defendant cannot establish the underlying debt was void, defendant cannot satisfy [R. 4:50-1 (d), (e), or (f),] and <u>cannot establish that six years is a "reasonable time" within which to have brought [defendant's] motion.</u>

[emphasis added.]

Defendant appeals, contending the trial court committed two errors of law. First, the court erred by barring defendant from asserting plaintiff's lack of CFLA compliance as an affirmative defense to the collection action, specifically because it found no private right of action under the statute. Second, the court erred when it rejected defendant's argument that our decision in <u>LVNV v. Deangelo</u> should control, again because it found plaintiff had no private right of action in the CFLA.

II.

"We review a motion under <u>Rule</u> 4:50-1 to vacate final judgment under the abuse of discretion standard." <u>257-261 20th Ave. Realty, LLC v. Roberto</u>, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing <u>U.S. Bank Nat'l. Ass'n v.</u>

4

Guillaume, 209 N.J. 449, 467 (2012)). "Although the ordinary abuse of discretion standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." Ibid.

The rule states in pertinent part:

> On motion, with briefs and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [R. 4:50-1.]

III.

In the written statement of reasons supporting its order, the trial court emphasized its legal conclusion that defendant could not assert plaintiff's failure to comply with the CFLA as an affirmative defense. However, the court also

found defendant failed to seek relief under Rule 4:50-1 within a reasonable time. We focus our attention on this threshold question.

Motions pursuant to Rule 4:50-1(d), (e), and (f) "shall be made within a reasonable time, . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2. "The rule[s are] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillame, 209 N.J. at 467 (internal quotation marks omitted). "We have explained that a reasonable time is determined based upon the totality of the circumstances . . . ." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). The judge "has the discretion to consider the circumstances of each case. . . ." Ibid.

Our thorough review of the record reveals no evidence whatsoever from which a finder of fact could determine that defendant filed his motion for Rule 4:50-1 relief within a reasonable time. Because we consider the reasonable time issue before we reach the merits of a motion to vacate under Rule 4:50-1(d), (e), and (f), we end our inquiry here. The trial court engaged in a proper exercise of discretion when it found defendant failed to make this showing. We affirm the

trial court solely on this basis, and we express no opinion concerning the legal conclusions it reached in support of its order.

Defendant cites our opinion in Deangelo for the proposition that we should balance defendant's absence of proof on reasonableness of his delay in filing the motion to vacate against plaintiff's violation of the law. Deangelo, 464 N.J. Super. at 110. He contends that when we do so, we should arrive at the same conclusion we did in Deangelo and vacate the default judgment. We are not persuaded.

In that case, we affirmed a trial court's order vacating default judgment of a debtor under Rule 4:50-1(f). The undisputed Deangelo record showed the plaintiff collection agency had violated federal law, the Fair Debt Collection Practices Act. Deangelo, 464 N.J. Super. at 106 (citing 15 U.S.C. §§1692-1692p). The Deangelo record also showed defendant waited eight years to file a motion to vacate default under Rule 4:50-1. Id. at 108. The trial court found the defendant's filing delay "inexcusable." Id. at 106.

In Deangelo we deferred to the trial court, which considered the facts and then balanced competing policy interests in an equitable analysis under Rule 4:50-1(f). Id. at 108. Here, we defer to the trial court's finding on defendant's six-year delay in filing his motion to vacate default judgment.

For completeness, we briefly discuss defendant's affirmative defense argument, noting we do not defer to the trial court on issues of law and, instead consider them de novo. See Buddy v. Knapp, 469 N.J. Super. 168, 188 (App. Div. 2021) (citing Nicholas v. Mynster, 213 N.J. 463, 478 (2013)).

We recently held, in an unrelated matter, that the CFLA does not create a private right of action for debtors pursuing affirmative claims against debt collectors. Francavilla v. Absolute Res. VI., 478 N.J. Super. 171, 182 (App. Div. 2024). Defendant contends that, despite Francavilla preventing the use of the CFLA as a sword, he is entitled to raise plaintiff's lack of compliance as a shield. He essentially argues that nothing express or implied in the CFLA strips him of the right to assert plaintiff's judgment is void ab initio. Because we decide this appeal on Rule 4:50-2 grounds, we do not reach the question of whether our holding in Francavilla bars a debtor from asserting a debt collector's violation of the CFLA as an affirmative defense.

The "reasonable time" threshold applies to all three grounds argued by defendant in his motion—Rule 4:50-1(d), (e), and (f). See Rule 4:50-2. On this record, we end our inquiry here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1088-23